# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST ASSOCIATION OF INDEPENDENT SCHOOLS, SUN VALLEY COMMUNITY SCHOOL, INC., FOOTHILLS SCHOOL OF ARTS AND SCIENCE, INC., THE COMMUNITY LIBRARY ASSOCIATION, INC., COLLISTER UNITED METHODIST CHURCH, INC., MARY HOLLIS ZIMMER, MATTHEW PODOLSKY, JEREMY WALLACE on behalf of his minor child, A.W., and CHRISTINA LEIDECKER on behalf of herself and her minor child, S.L., | Case No.: 1:24-cv-00335-REP **ORDER OF REASSIGNMENT** |

Plaintiffs,

vs.

RAUL LABRADOR, in his capacity as the Attorney General for the State of Idaho, JAN BENNETTS, in her capacity as Prosecuting Attorney for Ada County, Idaho, and MATT FREDBACK, in his capacity as Prosecuting Attorney for Blaine County, Idaho,

Defendants,

---

The above-entitled action was filed on July 25, 2024 (Dkt. 1) and randomly assigned to the undersigned Magistrate Judge that same day. Defendants Raul Labrador and Jan Bennetts were served with the Complaint on July 26, 2024 (Dkts. 20-21); Defendant Matt Fredback was served with the Complaint on July 31, 2024 (Dkt. 23). Their responses to the Complaint are therefore due on or before August 16, 2024 and August 21, 2024, respectively. To date, no Defendant has appeared in the action.

On July 29, 2024, Plaintiffs filed a Motion for a Preliminary Injunction or, in the Alternative, a Temporary Restraining Order ("Motion for TRO") (Dkt. 17). They seek an injunction prohibiting Defendants from enforcing Idaho House Bill 710 (2024) – codified in

**ORDER OF REASSIGNMENT - 1**

Idaho Code §§ 18-1514, 18-1517B – before the school year begins on August 19, 2024.  *Id*.; *see also generally* Mem. ISO Mot. for TRO (Dkt. 17-1).  Plaintiffs' counsel represents that Defendants' responses to their Motion for TRO are due on August 19, 2024.  *See* Mot. for Exp. Briefing at 2 (Dkt. 22).[1]

On August 6, 2024, Plaintiffs filed a Motion for Expedited Briefing Schedule (Dkt. 22).  In light of the current briefing schedule on their Motion for TRO relative to their claimed need for injunctive relief by August 19, 2024 (*supra*), Plaintiffs argue that "they are entitled to urgent, preliminary relief in this matter" and request that the Court order expedited briefing on their Motion for TRO.  Mot. for TRO at 3-4 (Dkt. 22).[2]

Critically, 28 U.S.C. § 636 does not permit magistrate judges to issue injunctive relief without the consent of all plaintiffs and defendants named in the complaint.  *See* 28 U.S.C. §§ 636(b)(1)(A), (c)(1).  And here, a review of the record indicates that (i) not all parties have appeared in this case, and likewise, (ii) not all parties have consented to the jurisdiction of this Court for all purposes as required by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73.  *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017).  These lynchpin factors, combined with the

---

[1] It is unclear when Defendants were actually served with Plaintiffs' Motion for TRO and, thus, when Defendants' responses to their Motion for TRO are due.  Because Defendants have not appeared, they presumably did not receive electronic notice of the Motion for TRO's filing via CM/ECF.  Its Certificate of Service similarly relies on electronic service from CM/ECF, while also referencing an individual who is believed (unless the Court is mistaken) to no longer be working at the Office of the Attorney General, State of Idaho.  Finally, Plaintiffs' counsel indicates that she emailed a copy of the Motion for TRO to Defendant Labrador's office and to the Blaine County Prosecuting Attorney's Office on August 5, 2024.  Olson Decl. at ¶ 5 (Dkt. 22-1).  The Court's confusion in this respect is not immediately important, except to highlight the *possibility* that Defendants' responses to Plaintiffs' Motion for TRO may actually be due after August 19, 2024.  Regardless of the correct deadline, it presents a timing issue relative to Plaintiffs' request for injunctive relief, prompting their recent Motion for an Expedited Briefing Schedule (Dkt. 22) (*infra*).

[2] It is again unclear whether Defendants were served with Plaintiffs' Motion for Expedited Briefing.

**ORDER OF REASSIGNMENT - 2**

urgent nature of Plaintiffs' claim to injunctive relief and the potential for a condensed briefing schedule in the days immediately preceding August 19, 2024, warrant immediate reassignment to a United States District Judge.

THEREFORE, IT IS HEREBY ORDERED that the Clerk of Court shall reassign this matter to a United States District Judge for all further proceedings, including consideration of Plaintiffs' Motion for TRO (Dkt. 17) and Motion for Expedited Briefing Schedule (Dkt. 22).

DATED:  August 7, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER OF REASSIGNMENT - 3**