UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST ASSOCIATION OF INDEPENDENT SCHOOLS; SUN VALLEY COMMUNITY SCHOOL, INC.; FOOTHILLS SCHOOL OF ARTS AND SCIENCES, INC.; THE COMMUNITY LIBRARY ASSOCIATION, INC.; COLLISTER UNITED METHODIST CHURCH, INC.; MARY HOLLIS ZIMMER; MATTHEW PODOLSKY; JEREMY WALLACE, on behalf of his minor child, A.W.; CHRISTINA LEIDECKER, on behalf of herself and her minor child, S.L., <br><br>    Plaintiffs,<br><br>v.<br><br>RAUL LABRADOR, in his capacity as the Attorney General for the State of Idaho; JAN BENNETTS, in her capacity as Prosecuting Attorney for Ada County, Idaho; MATT FREDBACK, in his capacity as Prosecuting Attorney for Blaine County, Idaho,<br><br>    Defendants. | Case No. 1:24-cv-00335-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiffs' Unopposed Motion to Stay Proceedings Pending Interlocutory Appeal. (Dkt. 50). Based upon Plaintiffs' motion, and for the reasons discussed below, the Court finds good cause to grant the motion.

**MEMORANDUM DECISION AND ORDER - 1**

## I.  BACKGROUND

The Court incorporates by reference the factual background in its March 18, 2025 order on Defendants' Motions to Dismiss and Plaintiffs' Motion for a Preliminary Injunction. (Dkt. 42 at pp. 2-7). In April 2024, the Idaho Legislature amended the definition of "harmful to minors" in § 18-1514 when it passed Idaho House Bill 710 (2024) ("H.B. 710"), which became effective on July 1, 2024. H.B. 710 also enacted the "Children's School and Library Protection Act." I.C. § 18-1517B(1) ("the Act"). The Act prohibits schools and public libraries from sharing material deemed "harmful to minors" and provides civil remedies to enforce that prohibition. Plaintiffs filed suit, alleging claims under the First and Fourteenth Amendments, and filed a motion for a preliminary injunction barring the state's enforcement of H.B. 710. (Dkts. 1, 17). Defendants, including the Idaho Attorney General and several county prosecuting attorneys, filed motions to dismiss these claims. (Dkts. 29, 31, 32).

On March 18, 2025, the Court denied Plaintiffs' motion for a preliminary injunction and granted in part and denied in part Defendants' motion to dismiss. (Dkt. 42). On April 16, Plaintiffs filed a notice of appeal from the Court's denial of their motion for a preliminary injunction. (Dkt. 49). The same day, Plaintiffs filed a motion to stay proceedings in this case pending their appeal. (Dkt. 50). Defendants do not oppose Plaintiffs' motion to stay proceedings. (Dkt. 50-1 at p. 2).

## II.  ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In reviewing a motion

for a stay of proceedings, a court may consider the following factors: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).[1]

The Court has considered the various *Landis* factors and finds good cause to grant Plaintiffs' motion. The power to stay proceedings is ultimately one of discretion. *Landis*, 299 U.S. at 254. The Court exercises its discretion here based upon the limited possibility of harm in granting a stay; Plaintiffs' equitable concerns should the case move forward pending appeal; and the Court's interests of judicial economy and the "orderly course of justice." *Lockyer*, 398 F.3d at 1110. The stay is effective immediately and will last the duration of the appeal or until the parties contact the Court seeking to lift the stay.

---

[1] The Court acknowledges some disagreement amongst district courts within this circuit regarding whether the *Landis* test or "*Nken* test" applies to a party's request to stay proceedings pending appeal. As one district court explained, "courts have reasoned that the *Nken* test 'is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case,' while *Landis* applies to the decision to stay proceedings, regardless [of] whether the stay is based on a direct appeal or an independent case." *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (internal citations omitted). As Defendants do not oppose this motion, or argue some other test applies, the court applies the *Landis* test cited by Plaintiffs. (Dkt. 50-1 at p. 4).

### III.    ORDER

**IT IS ORDERED that:**

1.    Plaintiffs' Unopposed Motion to Stay Proceedings Pending Interlocutory Appeal (Dkt. 50), is **GRANTED**. All proceedings in this case are **STAYED** until further notice. The prior deadlines imposed by the Court are likewise stayed.

2.    The parties shall advise the Court in writing within **seven (7)** days of any substantive decisions made by the Ninth Circuit Court of Appeals that materially affect this case.

DATED: April 22, 2025

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge