WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
NICOLE C. HANCOCK, Bar No. 6899
nicole.hancock@stoel.com
STOEL RIVES LLC
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000

LATONIA HANEY KEITH, Bar No. 9721
lhaney@post.harvard.edu
MCKAY CUNNINGHAM, Bar No. 10178
cunninghammckay@gmail.com
877 W. Main Street, Suite 503
Boise, ID 83702
Telephone: (512) 983-8000

HAYLEY STEELE (pro hac vice)
steelehc@ballardspahr.com
BALLARD SPAHR LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: (612) 371-3211

CAREY R. DUNNE (pro hac vice)
carey@freeandfair.org
KEVIN TROWEL (pro hac vice)
kevin@freeandfair.org
MARTHA REISER (pro hac vice)
martha@freeandfair.org
FREE & FAIR LITIGATION GROUP
266 West 37th Street, 20th Floor
New York, NY 10018
Telephone: (646) 434-8604

DAVID L. AXELROD (pro hac vice)
axelrodd@ballardspahr.com
LESLEY F. WOLF (pro hac vice)
wolfl@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST ASSOCIATION OF INDEPENDENT SCHOOLS, SUN VALLEY COMMUNITY SCHOOL, INC., FOOTHILLS SCHOOL OF ARTS AND SCIENCES, INC., THE COMMUNITY LIBRARY ASSOCIATION, INC., COLLISTER UNITED METHODIST CHURCH, INC., MARY HOLLIS ZIMMER, MATTHEW PODOLSKY, JEREMY WALLACE on behalf of his minor child, A.W., and CHRISTINA LEIDECKER on behalf of herself and her minor child, S.L., <br><br>          Plaintiffs,<br><br>          v.<br><br>RAÚL LABRADOR, in his capacity as the Attorney General for the State of Idaho, JAN BENNETTS, in her capacity as Prosecuting Attorney for Ada County, Idaho, and MATT FREDBACK, in his capacity as Prosecuting Attorney for Blaine County, Idaho,<br><br>          Defendants. | Case No. 24-cv-00335-AKB<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** |

Plaintiffs Northwest Association of Independent Schools ("NWAIS"), Sun Valley Community School, and Foothills School of Arts and Sciences (collectively "Plaintiffs" or "*NWAIS* Plaintiffs") respectfully submit that the Court should not consolidate this matter with *Penguin Random House LLC v. Labrador*, No. 1:25-CV-00061-AKB (D. Idaho). The Court has discretion to order consolidation under Rule 42 when cases share "a common question of law or fact," Fed. R. Civ. P. 42(a), but only as long as "the saving of time and effort consolidation would produce" outweighs "any inconvenience, delay or expenses that it would cause." *Saint Alphonsus Health All., Inc. v. Corizon, LLC*, No. 1:18-CV-00183-DCN, 2019 WL 2401106, at *1 (D. Idaho June 5, 2019). As set forth below, consolidation of *NWAIS* with *Penguin Random House* does not satisfy these requirements.

## ARGUMENT

### I. Consolidation will result in substantial delay and will thereby prejudice Plaintiffs.

First, consolidation of *NWAIS* with *Penguin Random House* will delay final judgment in *NWAIS* by a year or more, and that substantial delay weighs heavily against consolidation. Following the Ninth Circuit's decision in *NWAIS v. Labrador*, No. 25-2491, 2026 WL 395450 (9th Cir. Feb. 12, 2026), Plaintiffs are prepared to move expeditiously to summary judgment. Little, if any, fact discovery is necessary to resolve Plaintiffs' facial First Amendment challenge to H.B. 710, particularly given that the Ninth Circuit's decision resolved or narrowed several of the outstanding questions about the interpretation of H.B. 710.

Accordingly, consolidation is likely to delay final judgment in *NWAIS* by a year or more. In *Penguin Random House*, the Court has not yet lifted the stay it imposed during the pendency of plaintiffs' appeal (Dkt. No. 64), and plaintiffs' motion for a preliminary injunction and

defendants' motions to dismiss are pending before the Court (Dkt. Nos. 22, 31, 32, 36 ). Further, however the Court decides those pending motions, there is likely to be an appeal to the Ninth Circuit concerning one or both motions. In *NWAIS*, it has been more than 11 months since the Court issued the order from which Plaintiffs appealed (Dkt. No. 42), and the Ninth Circuit's mandate has not yet issued, returning jurisdiction to this Court. Because the issues raised by the independent schools in *NWAIS* are not dispositive of the issues raised in *Penguin Random House*—claims that arise out of actions taken in public schools and public libraries—an appeal by either side from the Court's forthcoming decision in *Penguin Random House* is likely to take *at least* as long to resolve in the Ninth Circuit. If the cases are consolidated, Plaintiffs will presumably be unable to advance *NWAIS* to summary judgment during the pendency of the appeal in *Penguin Random House*, resulting in a substantial and unnecessary delay in *NWAIS*.

Because a central purpose of Rule 42 is to "avoid delay," *United States v. Parkinson*, No. CIV-98-340-E-BLW, 2000 WL 1902246, at *2 (D. Idaho Oct. 25, 2000); *Cleveland Bakers & Teamsters Pension Fund v. Lamb Weston Holdings, Inc.*, No. 1:24-CV-00282-AKB-CWD, 2024 WL 4766254, at *4 (D. Idaho Nov. 12, 2024) (same), courts in this district have declined to consolidate cases where, as here, the cases are at different stages of litigation and consolidation would result in significant delay in one of the cases. In *Western Watersheds Project v. Lueders*, for example, the court declined to consolidate the cases under consideration because, as here, "the cases [were] at differing stages of their litigation and the [case that was further along procedurally could] be resolved with less delay independently than if it were consolidated with the [other] action." No. 1:13-CV-00261-EJL, 2014 WL 12611291, at *1–2 (D. Idaho Mar. 13, 2014) ("The court may consider factors such as disparate trial dates or different stages of discovery as weighing against consolidation of the cases."). In *United States v. Parkinson*, the

court declined to consolidate the cases under consideration because one case was "still at the pleadings stage, [while the other] matter ha[d] already been set for trial," and consolidation of the latter case would result in "significant[] delay[]." No. CIV-98-340-E-BLW, 2000 WL 1902246, at *1–2 (D. Idaho Oct. 25, 2000). And in *Micklesen v. Watkins & Shepard Leasing, LLC*, the court declined to consolidate two cases where one was filed some 18 months later than the other and was at "a much earlier stage" of litigation. No. 4:13-CV-00518-REB, 2015 WL 6456552, at *2 (D. Idaho Oct. 26, 2015) ("Consolidation is a discretionary option that district courts can exercise where doing so would serve the interests of convenience and economy; here, it would have the opposite effect.").[1]

*NWAIS* Plaintiffs have pursued their claims diligently and the Ninth Circuit has held that they are entitled to preliminary relief against the unconstitutional sweep of H.B. 710. They respectfully submit that a delay of a year or more would substantially prejudice their effort to vindicate their First Amendment right to create and disseminate non-obscene curricula to their students.

---

[1] This approach is consistent across other districts. *See, e.g.*, *Nock v. PalmCo Admin., LLC*, No. CV RDB-24-662, 2025 WL 3649509, at *4 (D. Md. Dec. 17, 2025) (noting that "[t]his Court regularly denies consolidation when cases are at quite different stages of litigation," and declining to consolidate because "cases are many months, if not years, apart in their progress"); *Lugo v. Experian Info. Sols., Inc.*, No. 5:16-CV-04647-EJD, 2017 WL 11577918, at *1 (N.D. Cal. Feb. 6, 2017) (denying request for consolidation in part because "consolidation of all the actions for joint discovery and other pre-trial matters would inevitably delay resolution of those simpler ones that do not require either extensive discovery or case management"); *Rollins v. St. Jude Med., Inc.*, No. CIV.A. 08-0387, 2010 WL 1751821, at *1 (W.D. La. Apr. 28, 2010) (denying request to consolidate after finding that similarities among the cases were "superficial[]" and the "two cases are at different stages of trial preparation," such that consolidation would result in delay); *Sancom, Inc. v. Qwest Commc'ns Corp.*, No. CIV. 07-4147-KES, 2009 WL 10722421, at *1 (D.S.D. Mar. 9, 2009) (denying request to consolidate because cases were at different stages of discovery and consolidation would delay proceedings).

## II. The benefits of consolidating *NWAIS* and *Penguin Random House* are minimal, if any, and outweighed by the likelihood of substantial delay.

The prejudice *NWAIS* Plaintiffs will suffer from delay far outweighs any benefit that might accrue from consolidating the two cases. First, the risk of inconsistent rulings—which might support consolidation, *see, e.g.*, *Jet Aviation Flight Servs. Inc. v. 7BD LLC*, No. CV-23-00059-PHX-DJH, 2025 WL 1266702, at *1 (D. Ariz. May 1, 2025)—does not exist here because both cases are already before this Court. Because the cases are already being litigated "in front of a single judge," there is no "danger of inconsistent rulings" and therefore no need for consolidation. *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. 1:15-CV-539-BLW, 2016 WL 6828539, at *1 (D. Idaho May 2, 2016); *W. Watersheds Project*, 2009 WL 73776, at *1 (denying request for consolidation because the transfer of one of the cases to the judge handling the other "removed any chance of inconsistent rulings being issued by different judges").

Furthermore, the only issue the cases have in common is the construction of H.B. 710. Plaintiffs in the two cases are differently situated with respect to the First Amendment, and they bring substantially different claims. *NWAIS* Plaintiffs bring a facial First Amendment challenge that, as noted above, requires little if any factual development. Plaintiffs in *Penguin Random House*, by contrast, have fact-dependent as-applied challenges to H.B. 710 that will require substantial factual discovery—discovery that does not bear at all on the facial claims in *NWAIS*. Here, as in *Parkinson*, *NWAIS* is "very narrowly confined to" a facial First Amendment challenge, whereas *Penguin Random House* raises more and different claims and ultimately "concerns issues unrelated to" those raised in *NWAIS*. 2000 WL 1902246, at *1. Given these differences, consolidation will "unnecessarily complicate adjudication of th[e] relatively straight forward action" in *NWAIS*, and the Court should permit the cases to proceed separately. *Id.*

4

These differences between *NWAIS* and *Penguin Random House* distinguish them from other cases in this district in which courts have granted requests for consolidation. In *Saint Alphonsus Health Alliance, Inc. v. Corizon, LLC*, for example, the court, on consent of the parties, consolidated two cases in which health care providers each sued the Idaho Department of Corrections for underpaying for healthcare provided to inmates; in both cases, the defendant asserted that it had fairly compensated the health care providers. *See* No. 1:18-CV-00183-DCN, 2019 WL 2401106, at *1 (D. Idaho June 5, 2019). In *Edwards v. PJ Ops Idaho, LLC*, the court, again on consent of the parties, consolidated two cases in which plaintiffs in both cases alleged "unpaid minimum wages and unpaid overtime wages for delivery drives," and both cases were "based upon the same set of facts and circumstances." No. 1:17-CV-00283-DCN, 2018 WL 1053320, at *1 (D. Idaho Feb. 26, 2018). And in *Cleveland Bakers & Teamsters Pension Fund v. Lamb Weston Holdings, Inc.*, the court, yet again on consent of the parties, consolidated class actions on behalf of "all persons or entities that purchased shares" of defendant's stock during a particular period of time because "[b]oth actions stem from the purchase of . . . common stock, and its later decline during a discrete time period," and "[b]oth actions assert identical claims." No. 1:24-CV-00282-AKB-CWD, 2024 WL 4766254, at *3 (D. Idaho Nov. 12, 2024).[2] The

---

[2] There are relatively few published cases in this district in which a court has granted a request to consolidate over the objection of plaintiffs in one of the cases, and they are easily distinguishable from the circumstances presented here. In *Champine v. Ryan* the court consolidated two cases, each brought by a parent of a minor victim of sexual abuse, over the objection of one of the parents. *See* No. 1:23-CV-00338-DCN, 2025 WL 416121, at *4 (D. Idaho. Feb. 5, 2025). In *J.R. Simplot Co. v. McCain Foods USA, Inc.*, the court consolidated two patent infringement cases over a plaintiff's objection after finding that any delay would be minimal and there was a risk of inconsistent rulings because the cases were before different judges. *See* No. 1:16-CV-00449-DCN, 2017 WL 5192223, at *2 (D. Idaho. Nov. 9, 2017) ("[T]hese two cases share a common question of fact. Both challenge the sufficiency of the other's patent and whether the opposing party's product infringes on their own product design."). In *Hunter v. Idaho*, the court granted defendants' motion to consolidate over the plaintiff's objection where the two cases brought by that same plaintiff both alleged that his rights were violated during state court

5

similarities among these consolidated cases are simply not present in *NWAIS* and *Penguin Random House*, and consolidation is therefore not appropriate.

## CONCLUSION

For the reasons set forth herein, *NWAIS* Plaintiffs respectfully request that the Court decline to consolidate this case with *Penguin Random House*.

DATED:  February 27, 2026

STOEL RIVES LLP
/s/ Wendy J. Olson
Wendy J. Olson
Nicole C. Hancock

/s/ Latonia Haney Keith
Latonia Haney Keith

/s/ McKay Cunningham
McKay Cunningham

FREE + FAIR LITIGATION GROUP
/s/ Carey Dunne
Carey R. Dunne
Kevin Trowel
Martha Reiser

BALLARD SPAHR LLP
/s/ David L Axelrod
David L. Axelrod
Lesley F. Wolf
Hayley Steele

*Attorneys for NWAIS Plaintiffs*

---

criminal proceedings.  *See* No. 1:19-CV-00113-DCN, 2019 WL 4072394, at *2 (D. Idaho Aug. 28, 2019).  In *Stacey v. County of Madison*, this Court granted a motion to consolidate two lawsuits against local officials both arising out of the same allegedly wrongful death in a prison facility, notwithstanding defendant's objection to consolidation.  *See* No. 4:23-cv-00119, 2024 WL 555130 (D. Idaho Feb. 12, 2024) ("Consolidation is also appropriate as a matter of fairness to Plaintiffs.").