Deborah A. Ferguson, Bar No. 5333
Craig H. Durham, Bar No. 6428
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, ID 83702
Tel.: (208) 484-2253
daf@fergusondurham.com
chd@fergusondurham.com

Michael J. Grygiel (*pro hac vice*)
Daniela Del Rosario Wertheimer (*pro hac vice*)
CORNELL LAW SCHOOL
FIRST AMENDMENT CLINIC
Myron Taylor Hall
Ithaca, NY 14853
Tel.: (607) 255-8518
mjg395@cornell.edu
ddw83@cornell.edu

Kelly L. McNamee (*pro hac vice* forthcoming)
Christina N. Hernsdorf (*pro hac vice* forthcoming)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 812-0400
Fax: (212) 812-0399
KMcNamee@FoleyHoag.com
CHernsdorf@FoleyHoag.com

*Attorneys for Penguin Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **NORTHWEST ASSOCIATION OF INDEPENDENT SCHOOLS,** *et al.*,<br>Plaintiffs,<br>v.<br>**RAÚL LABRADOR,** in his official capacity as the Attorney General of the State of Idaho, *et al.*,<br>Defendants. | Lead Case No. 1:24-cv-00335-AKB (Consolidated Action)<br><br>***PENGUIN* PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING THE SCOPE OF THE COURT'S PRELIMINARY INJUNCTION** |
| **PENGUIN RANDOM HOUSE LLC**, *et al.,*<br>Plaintiffs,<br>v.<br>**RAÚL LABRADOR**, in his official capacity as the Attorney General of the State of Idaho, *et al.*,<br>Defendants. | Case No. 1:25-cv-00061-AKB (Member Case) |

The *Penguin* Plaintiffs[1] respectfully submit this supplemental brief pursuant to the Court's April 1, 2026, Consolidation Order (*Penguin* Doc. 78) ordering briefing on the appropriate scope of the "narrow preliminary injunction" directed by the Ninth Circuit in *Northwest Association of Independent Schools v. Labrador*, 166 F.4th 1148 (9th Cir. 2026) (Doc. 56) (hereinafter, the "Ninth Circuit *Northwest* Order").[2]

Seventy years ago, Michigan outlawed booksellers from offering any book containing language "tending to the corruption of the morals of youth."  *Butler v. Michigan*, 352 U.S. 380, 381 (1957).  As the Supreme Court held:

> The State insists that, by thus quarantining the general reading public against books not too rugged for grown men and women in order to shield juvenile innocence, it is exercising its power to promote the general welfare.  Surely, that is to burn the house to roast the pig. . . .  We have before us legislation not reasonably restricted to the evil with which it is said to deal.  The incidence of this enactment is to reduce the adult population of Michigan to reading only what is fit for children.

*Id.* at 383.

HB 710 suffers from the same constitutional infirmity.  It sacrifices access to works of literary, artistic, political, and scientific value for older minors out of concern for younger minors.  It was not reasonably restricted to "the evil with which it was said to deal" prior to the Legislature's recent revisions discussed below, and it continues to "burn the house to roast the pig."  *Id*.

---

[1] Plaintiffs in the case originally captioned *Penguin Random House LLC, et al., v. Labrador, et al.*, No. 1:25-cv-00061-AKB, will be denoted hereinafter as "*Penguin* Plaintiffs" and documents filed on the pre-consolidation docket of the so-captioned case will be referred to as "*Penguin* Doc." to distinguish from those documents filed on the now-consolidated docket of lead case *Northwest Association of Independent Schools, et al., v. Labrador, et al.*, 1:24-cv-00335-AKB, indicated solely as "Doc."

[2] Terms not otherwise defined herein shall have the meaning ascribed to them in the *Penguin* Plaintiffs' Complaint (*Penguin* Doc. 1) and Memorandum of Law in support of their Motion for Preliminary Injunction (*Penguin* Doc. 22-1).

**I.** **Since Issuance of the Ninth Circuit *Northwest* Order, the Idaho Legislature Struck HB 710's Context Clause in its Entirety and Limited the Applicability of HB 710 to Only Materials Deemed Harmful to "Adolescent Minors."**

On February 12, 2026, the Ninth Circuit issued a decision in *Northwest Association of Independent Schools, et al. v. Labrador, et al.,* reversing this Court's order denying the *Northwest* Plaintiffs' preliminary injunction motion and remanding the case for this Court to consider in the first instance the appropriate scope of a narrow preliminary injunction sufficient to carry out the Ninth Circuit's rationale and holding.  (Ninth Circuit *Northwest* Order at 38.)  There, the Ninth Circuit, *inter alia* and in relevant part, found HB 710's "context clause" — which requires courts and other reviewers of allegedly offending content to consider whether a work "possesses serious literary, artistic, political or scientific value for minors" "in context in which it is used" — unconstitutionally overbroad.  (*See* Ninth Circuit *Northwest* Order at 30–32 (citing *Miller v. California*, 413 U.S. 15 (1973) and Idaho Code § 18-1514(6)(b)(ii)).)

As the Ninth Circuit observed, HB 710 statutory scheme fails to preserve older minors' access to important literary and non-fiction works:

> The context clause likely burdens Plaintiffs' right to provide non-obscene material to older minors who wish to access material that, pursuant to H.B. 710, the school or library has relegated to "a section dedicated for adults only."  Idaho Code § 18-1517B(3)(b).  Indeed, the statute does not contemplate the treatment of content that, applying Defendants' age-based construction of the context clause, might be obscene for younger minors but not their older counterparts.  Rather, the statute itself draws a single distinction between adults and minors as a class.  *See, e.g.*, Idaho Code § 18-1514(1) (defining "Minor" to "mean[] any person less than eighteen (18) years of age"); *id.* § 18-1517B(6)(a) (affirmative defense exists where defendant had "reasonable cause to believe" minor was eighteen years of age or older).  That distinction makes sense because, as the Supreme Court has recognized, "[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood."  *Roper v. Simmons*, 543 U.S. 551, 574 (2005).  *Ginsberg*'s "adaptation of the adult obscenity test" certainly allows states like Idaho to draw that line.  *Am. Booksellers v. Webb*,

2

> 919 F.2d 1493, 1504 (11th Cir. 1990). **But Idaho may not make further distinctions between minors based on their ages where doing so impermissibly burdens Plaintiffs' constitutional rights.**

(*Id*. at 32–33 (emphasis added).)

Therefore, simply striking the context clause from the definition of "harmful to minors" would not have sufficed. Rather, the Ninth Circuit remanded the matter for this Court to consider the appropriate scope of a narrow preliminary injunction in light of the Ninth Circuit's rationale and holding. (*Id.* at 38.)

In an effort to "respon[d] to the Ninth Circuit's opinion, as well as a recent decision from the U.S. Supreme Court addressing Texas's age-verification law for pornographic websites," the Idaho Legislature recently amended HB 710 to, in relevant part: (i) remove the context clause in its entirety; and (ii) limit the scope of HB 710 to apply only to materials deemed harmful to "adolescent minors," defined as "any person thirteen (13) years of age or older but less than eighteen (18) years of age." *See* SB 1448, 68th Legis., 2d Reg. Sess. (Idaho 2026); Statement of Purpose and Fiscal Note, SB 1448, 68th Legis., 2d Reg. Sess. (Idaho 2026). The amendment, referred to as SB 1448, passed on April 2, 2026, and was signed into law on April 13, 2026. *See* SB 1448. SB 1448 will take effect on July 1, 2026. *Id.*[3]

Because, under the amended Act, any material deemed obscene as to students as young as thirteen must be removed or otherwise restricted to "adults only" sections of libraries, the amended

---

[3] On March 31, 2026, the governor signed another bill into law, HB 795, which removes the phrase "and in the context in which it is used" from HB 710. HB 795 makes no other changes to the Act. *See* HB 795, 68th Legis., 2d Reg. Sess. (Idaho 2026); Statement of Purpose and Fiscal Note, HB 795, 68th Legis., 2d Reg. Sess. (Idaho 2026). Because SB 1448, signed into law just two weeks after HB 795, also removes the phrase "and in the context in which it is used," HB 795 is not discussed separately herein.

Act does not restore access to constitutionally protected works for the oldest minors.  Therefore, HB 710 remains unconstitutional.

**II.     This Court's Preliminary Injunction Should Enjoin Enforcement of HB 710 Insofar as It Unconstitutionally Burdens the Eldest of Minors' First Amendment Rights to Access Materials Not Obscene as to Them.**

As the *Penguin* Plaintiffs asserted in their Complaint and as detailed in their preliminary injunction briefing, by defining "minor" broadly to mean "any person less than eighteen (18) years of age," HB 710, in its currently applicable form, fails to acknowledge that what may be harmful or obscene to the youngest of minors will not be harmful or obscene to the eldest of minors.  Idaho Code § 18-1514(1).  HB 710 is thus overbroad to the extent its plain terms provide that "harmful" means what is obscene as to *any* minor and, thus, burdens older minors' right to access materials not harmful or obscene as to them.  Indeed, HB 710 runs afoul of the Supreme Court's warning that broad restrictions on minors' access to "a huge number of works" otherwise acceptable to older minors raise serious First Amendment concerns.  *Virginia v. American Booksellers Assoc., Inc.*, 484 U.S. 383, 394–95 (1988).

Although the State of Idaho, via its Attorney General, has repeatedly recognized the constitutional problem inherent in defining harmful or obscene for purposes of HB 710's prohibition via the youngest of minors, it has consistently taken the position that HB 710's addition of the context clause permits evaluating a work's serious value, and therefore obscenity, with respect to "the specific minor to whom the matter is presented."  (Labrador Resp. to Pls. Mot. for Prelim. Inj., *Penguin* Doc. 41 at 14.)  Such contextual analysis, according to Attorney General Labrador, allows "the trier of fact [to] consider the individual age of the minor in determining whether the statutes are violated."  (*Id.* at 11 ("[T]he requirement that a matter be considered 'in context in which it is used' requires that the trier of fact consider the individual age of the minor in determining whether the statutes are violated.  Idaho Code § 18-1514(6)(b)(ii).  If a matter is

4

not harmful to the minor to whom the matter is promoted, given, or made available, the statute has not been violated.  Idaho Code § 18-1517B(2).").).)

In its recent opinion, the Ninth Circuit acknowledged both the burden the Act places on older minors' right to access materials not obscene as to them and Attorney General Labrador's attempt to resolve that constitutional error via an age-based construction of HB 710's context clause.  (*See* Ninth Circuit *Northwest* Order at 33–35.)  The Ninth Circuit, however, found that without establishment of "an objective standard by which 'context' can be measured," "a workable implementation for [Attorney Labrador's] proposed age-based reading of the context clause," and "guardrails" or "safeguards" on its use, the context clause invites and encourages "the reviewer's subjective assessment of the time, place, and circumstances in which the work 'is used' in determining whether the work has serous value for minors of particular ages." (*Id.* at 32–35.)  For this reason, the Ninth Circuit found the context clause likely overbroad, particularly "against the background of H.B. 710's analytical framework and enforcement regime." (*Id.* at 35.)

Rather than attempt to construct a workable and not overbroad implementation for the Attorney General's age-based construction of the context clause, the Idaho Legislature simply struck the clause in its entirety.  This misses the point.  The State's decision to use a hatchet where the Ninth Circuit urged a scalpel only reinforces and reengages the original constitutional problem plaguing HB 710 — that the Act's homogeneous definition of minor requires that proscribed materials need only be obscene as to the youngest of minors, thereby burdening older minors' right to access material that has literary, artistic, political, and scientific value.

SB 1448's addition of the defined term "adolescent minor" and incorporation of that term into the definition of material "harmful to minors" does not solve HB 710's overbreadth.  Although the "adolescent minor" designation does, in theory, help ease the burden placed on older minors'

right to access material not obscene as to them, it does not eliminate the burden entirely or even materially. Rather, even under SB 1448's new definition of "harmful to minors" — and without any ability to consider the individual age of particular minors via the now struck context clause — seventeen-year-olds will be beholden to a definition of obscenity as to thirteen-year-olds. As the Ninth Circuit observed, "Defendants' proposed narrowing construction of the context clause is belied by the requirements HB 710 places on schools and libraries to physically remove offending content to restricted 'adult' areas and by the statute's enforcement mechanisms." (*Id*. at 35.) The eldest of minors' right to access material not obscene as to them will thus continue to be burdened.

Against this backdrop, the *Penguin* Plaintiffs respectfully urge this Court to preliminarily enjoin any enforcement of HB 710 that would burden the eldest of minors' right to access materials not obscene as to them by limiting enforcement to materials obscene as to *all* minors served by a library,[4] rather than material obscene as to *any* minor, *a* minor, or *adolescent* minors.

---

[4] To preserve the Idaho Legislature's acknowledgement that "harmful to minors" should not in any event be viewed from the perspective of a minor younger than 13, "harmful to minors" is to be determined from the perspective of an "adolescent minor" — that is, at least a 13-year-old — where a given library exclusively serves minors under the age of 13. *See* SB 1448.

Dated: April 22, 2026                    Respectfully submitted,


                                         By: /s/ Deborah A. Ferguson

                                         Deborah A. Ferguson
                                         Craig H. Durham
                                         FERGUSON DURHAM, PLLC

                                         Michael J. Grygiel
                                         Daniela del Rosario Wertheimer
                                         CORNELL LAW SCHOOL FIRST
                                         AMENDMENT CLINIC[5]

                                         Kelly L. McNamee
                                         Christina N. Hernsdorf
                                         FOLEY HOAG LLP

                                         *Attorneys for Penguin Plaintiffs*

---

[5] The Clinic is housed within Cornell Law School and Cornell University.  Clinic students Hannah Knott and Aditi Hukerikar drafted portions of this brief.  Nothing in this brief should be construed to represent the views of these institutions, if any.